**Helen A. THRESHER, Appellant,**

v.

**The NURRE COMPANIES, Inc., et al.,
Respondents.**

**No. 23456.**

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1962.

Speers & Bevins, Austin B. Speers, Howard W. Bevins, Kansas City, for appellant.

Arnold N. Shanberg, Rope, Shanberg, Rope & Bigus, Kansas City, for respondents.

HUNTER, Presiding Judge.

This action arises under the Workmen's Compensation Law. The decedent, Samuel M. Thresher, was killed in an accident on February 19, 1959, while employed by The Nurre Companies, Inc.

The deceased's fourteen year old daughter, Nancy, through her Guardian filed a claim for the death benefits. Appellant, Helen A. Thresher, also filed a claim to those benefits, alleging she is the common-law wife of decedent. The causes were consolidated for trial by the referee.

Respondents, the Nurre Companies, Inc., and its insurer, Employers Mutual Liability Insurance Company, conceded decedent's death arose as the direct result of an accidental injury arising out of and in the course of his employment but denied that appellant was the lawful widow of the deceased so as to entitle her to certain of the benefits rather than have them go to the minor child of decedent.

At the hearing before the referee, Division of Workmen's Compensation, evidence was adduced which can be summarized as follows: Appellant stated she became the common-law wife of deceased on June 17, 1958, in Manhattan, Kansas. On that date she, her daughter by a previous marriage, and deceased were on their way from their separate residences in Kansas City, Missouri, to Yellowstone National Park and had car trouble in Manhattan, Kansas, causing them to remain there three days. Appellant testified, "He told me before we left that I had a big surprise", and that evening he came around in back of the car, and he put his arms around me, took hold of my hand, and put my rings on. He turned me around and he said, "You are in Kansas now." He said, "You are my wife." [1]

---

1. All of appellant's testimony of this nature was objected to as prohibited by the Dead Man's Statute, Sec. 491.010 RSMo 1949, V.A.M.S.

Later deceased introduced her as his wife to three people (whose names she could not recall) at a filling station-restaurant. At the end of the three days they left Kansas and proceeded to Yellowstone Park.

After three or four days they left Yellowstone Park and returned to Kansas City, Missouri, where deceased moved into appellant's home. There they lived together until deceased's death stating to relatives, friends, neighbors and business houses that they were man and wife.

Appellant testified she and deceased had kept company and had engaged in illicit sexual relations with each other on a number of occasions during a period of one year prior to the claimed marriage. She was asked if she and deceased had ever "lived together" in Kansas, to which she replied, " * * * I didn't."

The referee ruled against appellant's claim finding she failed to establish and prove by competent evidence that she entered into and consummated a valid common-law marriage in the State of Kansas, and failed to establish and prove she cohabited with, and was held out to be the wife of deceased, as required by the laws of the State of Kansas.

Appellant made application for review to the Industrial Commission of Missouri. That commission on October 13, 1960, after review, found the award of the referee to be correct in all respects and supported by competent and substantial evidence and affirmed and adopted that decision. On November 10, 1960, appellant filed a notice of appeal to the circuit court of Jackson County, Missouri.

As to what happened thereafter the record is silent. Through statements contained in the briefs filed in this court and by inquiry to the circuit court of Jackson County it seems that the following occurred: The appeal was assigned to Division 11 of the Jackson County Circuit Court. A hearing occurred there. The circuit court judge ruled against appellant's contentions, what-

ever they were, and on April 17, 1961, entered judgment affirming the decision of the Industrial Commission.

A notice of appeal to this court was filed on April 22, 1961. More than seven months after the notice of appeal was filed and on November 29, 1961, the appellant ordered a transcript from the reporter of Division 11 of the Jackson County Circuit Court but made no deposit to assure payment of it. No circuit court transcript has been prepared. Nor has a circuit court transcript been filed in this court. Neither this court nor the circuit court has ever been requested to extend the time for filing a transcript. The only "record" we have before us is the transcript of the proceedings before the Industrial Commission and a copy of the notice of appeal. We do not have a copy of the circuit court judgment from which the appeal was taken.

Respondents filed a motion to dismiss the appeal for failure of appellant to comply with the civil rules appertaining to the obtaining and the timely filing of transcripts. Respondents' motion also asked dismissal of the appeal for failure of appellant's brief to contain any charge of error on the part of the trial court. We have taken that motion with the case. Appellant has not filed any opposing suggestions nor made any oral explanation.

It is the fact that appellant's brief fails to charge that the circuit court erred in any respect. Even the argument portion of appellant's brief fails to mention the trial court or to charge it with having committed any error. For all practical purposes, so far as the record discloses, the trial court has been wholly ignored and the matter treated as though it came to this court directly from the Industrial Commission of Missouri.

■ This court, as is true of any appellate court in this state, has no direct appellate jurisdiction to review the judgments of the Industrial Commission. Section 287.-490 RSMo 1959, V.A.M.S. provides the final

award of the Commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the appropriate circuit court. On such an appeal the circuit court has a limited power of review which it is to exercise. The circuit court, after the hearing provided, must enter its judgment.

Any subsequent appeal must be from the judgment of the circuit court. As provided in Section 287.490(2), "Appeals from the circuit court shall be allowed in the same manner as in civil actions, except that the original transcript prepared and filed in the circuit court by the commission, *together with a transcript of the proceedings had in the circuit court,* shall constitute the transcript on appeal in the appellate court." (Emphasis ours.)

Civil Rule 82.14(a), V.A.M.R. provides a transcript on appeal shall include, among other items, the findings of the court or jury and the judgment or order appealed from.

Civil Rule 82.18 provides the transcript on appeal shall be filed with the appellate court within 90 days from the date of filing the notice of appeal. Extensions of such time are obtainable from the trial court upon timely and proper application, not to exceed six months. See Civil Rule 82.19. Appellant made no effort to obtain any such extension.

Civil Rule 83.05 advises what the brief of an appellant shall contain. One requirement is: "The points relied on, which shall show what actions or rulings of the *Court* are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authority thereunder." (Emphasis ours.) Appellant has failed to mention any ruling or action of the circuit court that she seeks to be reviewed and claims to be erroneous.

 Appellate courts are always reluctant to dismiss appeals for failure of a party to comply with the rules that govern appeals, and they endeavor to exercise a remedial discretion whenever such reasonably can be done without substantial injustice resulting to the innocent party or to a fair determination of the appeal on its merits.

In the instant situation the mentioned numerous violations are of such a substantial nature and result in such serious problems both to the court and to the respondents that we are precluded from a reasonable exercise of any curative discretion. We are without an appellate transcript. The time for filing an appellate transcript or for obtaining extensions of that time is long since past. Appellant's brief does not contain proper contentions so as to enable respondents to meet them as they are entitled to do.

Rather than say more, we sustain respondents' motion and hereby dismiss the appeal. It is so ordered.

All concur.